Good morning. May it please the court, my name is Joan Morgan. I'm from the Flint, Michigan Federal Defender Office. I'm here on behalf of Duryane Chaney. I'd ask the court to permit me to reserve two minutes for rebuttal. We're here today to determine whether or not Judge Sean Cox in the Eastern District of Michigan erred in determining that Michigan's attempt on armed robbery is a crime of violence under the Armed Career Criminal Act. In order to qualify as a crime of violence, the parties agreed that the court should use the categorical approach that the least objectionable conduct permitted under the statute is what the court must look at in determining whether or not the elements clause has been met. And in order to determine that the offense is a crime of violence, the court must look to whether or not the offense was capable of causing substantial physical injury. My position is that it was not. Judge Cox relied on this court's decision in Matthews, and I understand Judge Batchelder you wrote that opinion and Judge Rogers you joined on it. I have recently relied on it in another case. And so if I can, I'd like to address Matthews. I understand number one I don't have to say it's wrong. I say primarily it doesn't apply because Matthews addressed unarmed robbery in Michigan, and this case involves an attempted unarmed robbery under Michigan's attempt statute. Matthews I don't think is precedential, although Judge Cox indicated correctly that it was the only decision at that time that dealt with Michigan's unarmed robbery statute. But because it was not published, I think under this court's law, it's not precedential and of course it was a 2-1 decision. But my main argument in terms of distinguishing Matthews is that this is a different statute. This is MCLA 750.92, which is Michigan's generic attempt statute. And under that statute in Michigan, the only requirements are that a he or she commits any act towards the commission of that offense. And so what I've tried to do in my brief, particularly on page 11 of the brief, is cite Michigan appellate decisions dealing with this statute, the attempted unarmed robbery statute. And I think that if you look at the factual scenarios in those cases, you see that they do not meet the crime, I'm sorry, the definition of a crime of violence or a violent felony. They're insufficiently violent. There are cases in there, and I've cited Gardner, which I think is a case on point. Passage, which I think is an important case. Hicks, which I think is another important case, all Michigan appellate decisions, where the following kinds of scenarios have been held to be sufficiently sufficient to meet the elements of attempt unarmed robbery in Michigan. There are offenses where the defendant attempted to grab a person's purse strap, and when the person resisted, that was sufficient for attempt unarmed robbery. There are decisions where during the course of an escape from a theft, security guards tackle the defendant, and he or she responds to the tackle, and that's been held to be sufficient to meet the elements of attempt unarmed robbery. I don't think that those scenarios are sufficient under Johnson to constitute a crime of violence. If I can, I'd like to point the court to its decision in... I'm sorry. What if you do something that's not violent at all, but it's enough to show that you're meeting the attempt requirement? So... Then you would say it clearly doesn't meet the elements? Or if it's clear that what he was attempting before he was interfered with would have been violent? Well, the fact... He writes, I don't know how the attempt works, but sometimes attempts are attenuated a little bit, but you can still convict, right? And so one of the cases that I cited in my brief is Chandler from the Michigan Court of Appeals, and in that case, what happened was the defendant approached a vehicle, which a man was driving. Unfortunately for the defendant, the man was an off-duty police officer who was armed. The defendant told the driver to get out of the vehicle, or he'd blow his head off. And the driver then produced a weapon, and that was the end of the scenario prior to the defendant's arrest. I think that exemplifies the kind of conduct that can be sufficient under Michigan law, under the attempt unarmed robbery statute, but I don't think it meets the Johnson definition of violent force. What if you attempt violent force, though, is what I'm saying? Clearly what you're wanting to do is violent force, but you don't do it. Something stops you from doing it. That doesn't meet the requirements, then? I don't think so, no. It doesn't meet the requirements. I think that the definition of violent force under Johnson is sufficiently clear. What has happened since this Court's decision in Matthews is that two of our district court judges in the Eastern District of Michigan have ruled that Michigan's unarmed robbery statute is not a crime of violence, both citing Matthews but distinguishing it. Does that argument mean that no attempt crime met the force requirement, willy-nilly? I wouldn't go that far. No, but it sounds like you are by your argument, because if you attempt something which clearly meets these use of force requirements, but you don't actually use the force, you're just attempting, then you're not using force, it seems to be your argument. Because that seems to be the type of case you're talking about, where the force never got used, it just got attempted to be used, so therefore it isn't a use of force. That seems to be your argument, and I'm having trouble seeing why that wouldn't apply across the board whenever you have an attempt statute. I'm not arguing that there is no scenario under which an attempted offense could not be used. I think that what the Michigan Appellate Court... You would say, I gather, that the very attempt part of it has to be violent, not just what they attempted but failed to do has to be violent force, whatever the standard is. I think you have to look at all the circumstances of a particular case, but unless there was violent force used during some part of the offense, my argument is that it is insufficient under Johnson. Well, then it isn't an attempt, it's probably the actual commission of the crime. I think that would be the normal scenario, where the violence would occur was during the commission of the crime, but there are certainly a lot of Michigan appellate decisions that have less than a completed offense and say that that evidence is sufficient for attempted unarmed robbery, where a step is taken, because that's all... That's the nature of an attempt. Right, absolutely. I think we're back to what Judge Rogers asked you, which is an attempt can never meet. The natural consequence of the argument seems to be that an attempt can never meet the standard. Right, and I'm not making that argument, I'm saying in this case, attempt unarmed robbery under Michigan is not a crime of violence. But we have the categorical approach though, right? Right, and we have to look at the... It seems to me like under your, or at least what I'm curious about is that your argument appears to render on the categorical approach any attempt statute, as we know it, not meeting the elements requirement, which I think will conflict with some other cases, but I'd have to go and look. I'm not arguing that any attempt under Michigan law will never reach the Johnson threshold, but I'm saying that this offense... I understand, but why not? We're making a question about doesn't your argument have the effect of doing what you purport not to do. I agree with you that you're not arguing that, but it sounds like if we adopt your argument, that will be the effect. Why not? I say... Do you see what I'm asking? I hope so, and I'm going to try to respond, and if I don't, please let me know. If we agree that the categorical approach must be used, and we agree that the least offensive conduct under a particular statute is that which must be considered, and we look at the Michigan appellate decisions evaluating what is sufficient under this statute, my guess is that the elements of this statute do not meet the Johnson threshold of violent force. Well, I understand that, but a typical question you'll get from an appellate judge is, if we rule that way, will that mean that we have to say the same thing about every other attempt statute in the Michigan Code, and the Ohio Code, and the Kentucky Code? And the answer you say is, well, we're not arguing that. Well, no, you would argue against that. I'm asking for the argument against that. Why doesn't it do that? Do you see what I'm saying? Because the rationale that you're using seems to be, we don't look at the violence of the thing that's attempted, we look at the violence of the action that constituted the attempt. We look... There's lots of ways you can attempt something. I don't know. Gathering the rocks you're going to throw at somebody, I guess, is not, but when you start throwing and miss, it's like an attempt. Well... But you would say, well, in this case, they missed, and other cases have upheld the assault when they miss, so therefore, you actually have to hit them. It sounds like what Judge Gibbons says, you actually have to commit the crime, which could be an argument. Maybe it's right, but I'm just wondering why it doesn't have that effect if we accept your argument. Maybe I'm going too far in thinking this through, but I'm thinking, for example, in Michigan, an attempted murder. There may be steps that are taken towards the commission of that offense that would meet the definition of violent force, so without thinking through all of the criminal offenses under Michigan law, I'm not able to say that every attempt doesn't meet the Johnson threshold. If you set up a trap gun and time it for when you expect your victim to come in, I'm assuming that that would meet the attempt requirements of most statutes. I don't know the particular law in Michigan, but that would be an attempt to kill someone. He doesn't show up, the murder doesn't get committed, but there's enough there to set in motion killing the person that he might be tried for attempted, and that would be pretty violent if the bullet actually went and hit the person, but it didn't. If you look at the thing that's attempted, it's pretty clearly violent. If you look at the actual setup before it happens, it's not violent in a sense. It's violent in what it's trying to attempt. If you say, that's not a violent crime because actually setting up the gun and the timer wasn't violent, then I'd say, yeah, okay, maybe that's the law and maybe that's not a crime of violence under the statute, but if you say that's not, then you're in effect saying no attempt crime can be a crime of violence because clearly attempts cannot include the violence that they're attempting. Or am I missing something? I guess my response is that as to this statute and attempted unarmed robbery, I don't think it meets the definition of violent force. I'm not sure if an attempt for every criminal statute in Michigan would come within my argument or not because I haven't thought about all the other statutes. My time is up. Yes. Thank you. Thank you. Good morning. Mark Chastain for the United States. As the court noted from the beginning of Ms. Morgan's argument, we're essentially here to revisit what this court already decided in 2017 and that is in the Matthews case that the Michigan unarmed robbery statute requires the use of physical force as the Supreme Court defined that in the Johnson 2010 case. This court's opinion in Matthews relied and thoroughly analyzed Michigan law including a Supreme Court case, People v. Randolph and other cases from the Michigan Courts of Appeal as well as sister circuits in the Lamb and Terrell cases, all of which indicate that this court's decision in Matthews was correctly decided. Nothing has changed in the last year to alter that analysis and in fact I have not heard a lot of argument here today that Matthews was incorrectly decided. What Ms. Morgan said is that this court does not have to find that Matthews was incorrectly decided but rather could look only to the attempt issue. So that's where I'd like to focus. I think there's sort of three pieces here that need to be clarified to set the groundwork on the attempt question. Number one, I think maybe Ms. Morgan misspoke when she said that the statute, the Armed Criminal Act requires that the force be capable of causing substantial physical pain or injury. And just let's get that right, that's not what the Supreme Court said in 2010. At page 140 of the U.S. Reports version of the court's opinion, they said capable of causing physical pain or injury. There's no requirement that it be substantial. So that needs to be kept in mind. But on the question that Judge Rogers was asking and also Judge Gibbons on attempt, I think the answer really lies in sort of two pieces of this puzzle. Number one, the Armed Career Criminal Act itself in the elements or use of force clause says use, attempted use or threatened use of force. So even if the Michigan law allowed someone to be convicted of attempted unarmed robbery because they attempted to use physical force but did not actually use physical force, it would still qualify under the plain language of the statute itself. Or if they threatened to use physical force but did not actually use physical force. The second piece of the puzzle is cited in our brief. The Michigan and Judge Cox noted in his opinion, under Michigan law the attempt portion applies to the taking, not to the force element. So it's an attempted unarmed robbery if someone otherwise complies or meets all the elements of the unarmed robbery statute but just fails to get the piece of property. It's interesting that Ms. Morgan pointed to the Chandler case as sort of, I think she said exemplifies the type of force which she contends does not comply with Johnson 2010. As she noted, in that case the robber approached a car and threatened to blow the driver's head off. That's a pretty clear threat to cause pain or physical injury, even substantial pain or physical injury if that's the standard which it's not. So it meets the elements of the Armed Criminal Act's definition of an attempt or a threat to use physical force. It was an attempted unarmed robbery because there was no weapon seen and he did not get the property, the car, because the driver produced a gun. So it really meets sort of the heartland of the Armed Criminal Act's definition of the elements clause and an attempted use of force. So I think that that should clarify the question. Essentially what the reality is, is under Michigan law the attempt applies to the taking, not to the force, but even if it applied to the force or threatened use of force. Are there any cases where, and I might ask your opposing counsel as well, are there any cases where the courts have held that a crime meets the elements of force requirement but attempt to do that very crime does not? Under Michigan law? I'm sorry, so... That's what she's arguing. She's arguing that in this case the crime arguably, she's not conceding that it does, but she concedes that in an unpublished opinion we've so held, that the crime itself meets the requirements. Right? Right. She's saying the attempt doesn't. I'm not aware... She's saying are there any other crimes where that dichotomy exists? I'm not aware of any. And I think that would be very... Under your argument it wouldn't because the word attempt is right there in the statute. Correct. So if the crime meets it, then the attempt to do that very crime... Right. That's what you're saying. That's why I'm asking if there are any combinations of two cases that are inconsistent with that analysis. It would be a very odd case, I would think, because Congress clearly contemplated attempted. I don't know of any. I can't say that there aren't any where there's some weird permutation of state law where an attempt isn't really an attempt, but... That's all I'm asking. Thank you. I think that the court's, Matthew's opinion as I indicated earlier, was well grounded in Michigan law. And I would, although Ms. Morgan has alluded to and as we often hear in these cases, wants the court to focus on the least objectionable conduct, which is clearly the law, it's also the law that the court is not supposed to speculate about crazy hypotheticals. And this court has repeatedly reminded us of that in cases such as Verweebe and Patterson in 2017 and more recently in the Perez case in 2018. So I guess to go back to the point about if there were some strange state law case out there with an attempt that doesn't really meet the definition of attempt, I don't think that that should control the court's analysis in any event. I don't have anything more I'd like to say to the court if you have any questions. Apparently we do not. Thank you, Counselor. Thank you, Your Honor. Judge Rogers, I am also not aware of any cases that have distinguished attempt versus the substantive offense in terms of a Johnson analysis. If there were, that would substantially help you, I guess. I agree with you. We would be basically the first to come up with that. My thought is that the Johnson cases are just coming up into the appellate pipeline now. And to some extent last year, but they're just coming up. And so I think it's... So we should start the train. Well, yes. I want to talk about one... With the word attempt right there in the statute. It's there. I will still say that the cases that have looked at what I think the government is arguing is the more clearly established crime of violence, which is unarmed robbery as opposed to simply unarmed robbery, has been found in a number of cases not to meet the Johnson violent force test. So my argument is that the attempt would be a stronger argument for my side. But I want to cite the court to the Yates decision, which is a little bit more recent. I think it was decided earlier this year. And in that case, this court decided that Ohio unarmed robbery, which I think is pretty much comparable to the Johnson case, it permitted the offense to be committed using any violence. And the cases that I cited in my brief also indicate that Michigan appellate decisions have said that where there is any amount of violence, that would be sufficient under the attempt unarmed robbery statute. Thank you.